OPINION
Hank C. Kearney was charged with domestic violence: "knowingly caus(ing or) attempt(ing) to cause physical harm to . . . his wife, Elizabeth L. Kearney." The trial court, sitting without a jury, found Kearney guilty and assessed Kearney a fine and costs, imposed and suspended a jail sentence, and placed Kearney on probation for one year.
Kearney appeals, advancing two assignments of error as follows, which we will treat in reverse order from which they are presented.
 1. WHETHER APPELLANT, HANK KEARNEY HAS THE RIGHT TO EXTRICATE HIMSELF FROM HIS WIFE'S RESTRAINT.
 2. WHETHER APPELLANT HANK KEARNEY KNOWINGLY ATTEMPTED TO CAUSE HARM WHEN HE PUSHED WIFE AWAY ENOUGH TO EXTRICATE HIMSELF FROM HER GRASP.
Domestic violence is knowingly causing or attempting to cause physical harm to a family or household member. R.C. 2919.25(A). A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). Emphasis ours.
The alleged domestic violence in this case occurred when Elizabeth Kearney attempted to restrain Hank Kearney from pursuing Mrs. Kearney's nineteen-year-old son, who was in the process of leaving the Kearneys' home with his girlfriend, sister, and the sister's boyfriend.
There is no doubt that Hank Kearney attempted to avoid his wife's efforts to restrain him. The nature and extent of that resistance is not clear from the record, and it is quite possible that Mrs. Kearney's trial testimony, four months after the incident, sought to minimize her husband's conduct.
The most emphatic account of Hank Kearney's behavior was Mrs. Kearney's oral statement to investigating police officer Brad Wilson, who arrived at the Kearney home shortly after the incident. He testified, without objection, that Mrs. Kearney "was . . . upset as a result of some . . . startling event . . . that happened recently" and that "she was still under the stress of this startling event" when she told him "that Hank had grabbed her and thrown her down" and that "other than her thumb was hurting, . . . she was not injured." See Evid.R. 803(2).
It is clear that intent to cause harm is not an essential element of domestic violence. Therefore, Hank Kearney's testimony that he did not intend to harm his wife and Mrs. Kearney's testimony that she didn't think her husband intended to hurt her are unavailing. Although the trial court did not identify with particularity the evidence it relied on, it is clear from the court's remarks from the bench that it found Hank Kearney pushed his wife. In our judgment, the record reasonably supports the finding that Hank Kearney knowingly attempted to cause physical harm to his wife.
The second assignment is overruled.
We do not understand Hank Kearney to have argued in the trial court, or to argue here, that he acted in self defense, or that his behavior is to be excused on those grounds. Rather, he appears to have argued below, and appears to argue here, that he had a right to extricate himself from his wife's restraint. Assuming the validity of Hank Kearney's argument, we think that Kearney was limited to the use of reasonable force under the circumstances to do so. Whether Kearney's actions were reasonable under the circumstances was a question for the trial court, based upon its evaluation of the evidence.
Mrs. Kearney testified that "I pulled on (Hank Kearney's) shirt and . . . said just let him (i.e., her son) go. At that point Hank turned around and pushed me and said get the F off me. . . ." Although Mrs. Kearney testified at trial that the push didn't knock her down, her statement to Officer Wilson shortly after the incident occurred, supra, was that she was thrown down. In our judgment, the trial court could have reasonably rejected Hank Kearney's contention that he was merely attempting to extricate himself from his wife's restraint with no more force than was necessary to do so.
The first assignment is overruled.
The judgment will be affirmed.
 ___________________ WOLFF, J.
BROGAN, J. and FAIN, J., concur.